**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ATC HEALTHCARE SERVICES, LLC, | ) | CASE NO. 1:23-cv-392 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| FRONTLINE HEALTHCARE STAFFING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### I.  Procedural History

On August 5, 2024, Plaintiff moved for leave to file a first amended complaint.  (ECF No. 27).  Simultaneously, for purposes of judicial efficiency, Plaintiff filed a motion to file its first amended complaint without redaction and not under seal if the prior motion is granted.  (ECF No. 28).  Defendants opposed both motions.  (ECF Nos. 29 and 30).  Plaintiff replied in support of both motions.  (ECF Nos. 31 and 32).

### II.  Legal Standard

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading before trial only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id*.  The Court has discretion to deny leave due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" and other appropriate reasons. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The case law in this Circuit manifests "liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015).

A proposed amendment is futile if it "could not withstand a Rule 12(b)(6) motion to dismiss." *Mattera v. Baffert*, 100 F.4th 734, 741 (6th Cir. 2024).

### III. Analysis

Plaintiff and Defendants are mistaken concerning the applicability of Fed. R. Civ. P. 16(b)(4) to the Court's analysis of Plaintiff's motion. (ECF No. 27, PageID #152–54; ECF No. 29, PageID #220–23). Granting Plaintiff's motion does not require modification of the case management schedule. The Court's original case management order contains a deadline of July 6, 2023 by which the pleadings can be amended **without** leave of Court. (ECF No. 7). That deadline does not preclude Plaintiff from requesting leave of Court to file an amended complaint on a date after July 6, 2023, as it has done in the motion at issue. Thus, Plaintiff's motion is only considered under the Rule 15 standard.

Under Rule 15, Defendants argue that Plaintiff's motion should be denied due to undue delay, undue prejudice to Defendants, and futility of the amendments. (ECF No. 29, PageID #224). The Court will address the arguments as to each issue in turn.

#### a. Undue Delay

Defendants argue that Plaintiff seeks leave to amend with undue delay because Plaintiff possessed the information it now bases its proposed amendments on for over a year before seeking leave. (ECF No. 29, PageID #224). Plaintiff represents to the Court that after a May 29, 2024 discovery conference, Defendants produced about 1,500 new pages of discovery on June 12, 2024, less than two months before the instant motion was filed. (ECF No. 27, PageID #153). Among the documents produced were LLC operating agreements for Frontline and the Continuing Healthcare Solutions ("CHS") facilities as well as internal emails between Frontline and CHS that did not include Plaintiff's representatives. (*Id.*).

2

Defendants respond that Plaintiff was aware of the membership and structure of Frontline and the CHS facility Defendants after they filed their corporate disclosure statements in June 2023. (ECF No. 29, PageID #221). In reply, Plaintiff identifies all of the information in the amended complaint that was gleaned from the June 12, 2024 production of documents and was not contained within the prior corporate disclosures. (ECF No. 31, PageID #237–38). The Court concurs with Plaintiff that there are extensive factual allegations made in Plaintiff's amended complaint from paragraphs 45 to 84 that Defendants have failed to establish were in prior disclosures. (ECF No. 27, PageID #164–70). Defendants have not met their burden to show undue delay.

b. *Undue Prejudice*

Defendants argue that allowing Plaintiff to amend its complaint would unduly prejudice Defendants because it would moot their pending motion for judgment on the pleadings and would "wast[e] additional time and resources." (ECF No. 29, PageID #224). Plaintiff responds that there is no trial date and these new claims should not require much more time for discovery, so there is no undue prejudice if this motion is granted. (ECF No. 31, PageID #239). Defendant CHS, Inc.'s motion for judgment on the pleadings is only with respect to Count V of the complaint. (ECF No. 25). Plaintiff's proposed amendment to this count addresses concerns raised by Defendant in its motion. (ECF No. 27, PageID #174–75). Thus, the motion becoming moot by allowing amendment saves the Court time and resources. Defendants have not met their burden to show undue prejudice.

c. *Futility*

Defendants' opposition alleges that Plaintiff's new claims of fraudulent inducement, fraud, and civil conspiracy are futile because they are not pleaded with sufficient particularity. (ECF No. 29, PageID #224–27). Plaintiff contests that Defendants' argument ignores the more nuanced

3

pleading standard for fraud by omission and Plaintiff's pleadings sufficiently place Defendants on notice of the claims against them and enable them to frame and file a responsive pleading. (ECF No. 31, PageID #240–42).

The first new count added in Plaintiff's amended complaint is fraud in the inducement, count eight. (ECF No. 27, PageID #176–77). To prove fraud in the inducement, a plaintiff must establish, "that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to [its] detriment." *ABM Farms, Inc. v. Woods*, 692 N.E.2d 574, 578 (Ohio 1998).

Plaintiff alleges that Defendants misrepresented Frontline as an independent company that would act as an intermediary in providing staffing services to the CHS Defendants. (ECF No. 27, PageID #164). Plaintiff alleges that Defendants made this misrepresentation with the intent of inducing Plaintiff to enter into an agreement that obligated Frontline, not the CHS Defendants, to pay Plaintiff for the services of its healthcare professionals. (*Id*.). Plaintiff alleges that Frontline's operating agreement dictates the manager of the company is CHS, Inc. and that the manager exercises all authority over Frontline. (*Id*. at PageID #165). Plaintiff then cites numerous examples of how Frontline acts at the direction of CHS. (*Id*. at PageID #165–69). Relying on these alleged misrepresentations, Plaintiff entered into an agreement and provided staffing services to CHS facilities from approximately August 2021 to March 2022 without payment. (*Id*. at PageID #159–70). Plaintiff's proposed count eight could withstand a 12(b)(6) motion, so the amendment is not futile.

The second added count is for fraud, count nine. (ECF No. 27, PageID #177–78). For a general claim of fraud, Plaintiff must establish:

> (1) a representation (or concealment of a fact when there is a duty to disclose) (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its

4

> falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance.

*Volbers-Klarich v. Middletown Mgt., Inc.*, 929 N.E.2d 434, 440 (Ohio 2010). Defendants concede that these are essentially the same elements as fraudulent inducement. (ECF No. 29, PageID #226–27). Thus, for the same reason that Plaintiff's amendment was not futile as to count 8, Plaintiff's amendment as to count 9 is also not futile.

The final additional count is civil conspiracy, count ten. (ECF No. 27, PageID #178–79). The tort of civil conspiracy is "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998). For a civil conspiracy claim to succeed, an underlying unlawful act is required. *Id*. Defendants' argument in favor of futility is that the civil conspiracy claim is based on the alleged fraud and since the fraud is futile, so is the civil conspiracy. (ECF No. 29, PageID #227). However, as noted above, the fraud claim is not futile, so Defendant's argument for futility of the civil conspiracy claim fails.

## IV. Conclusion

Accordingly, the Court **GRANTS** Plaintiff's motion for leave to file a first amended complaint. (ECF No. 27). As Plaintiff's motion has been granted, the Court will address Plaintiff's motion to (1) file the first amended complaint without redaction or seal, (2) unseal the motion for leave, and (3) unseal this motion. (ECF No. 28, PageID #217). Defendants request that the Court deny Plaintiff's motion. (ECF No. 30). Defendants argue:

> To the extent the Amended Complaint reveals specific information regarding the identities of Frontline's members or regarding the Defendants organizational structures, disclosure of this information would harm Defendants competitive standing. Competitors could review and replicate the proprietary advantages that Defendants derive from their membership structure and/or identify market

5

pressures or opportunities arising from Frontline's members.

(*Id*. at PageID #232).  Plaintiff notes that Defendants' concern about the confidentiality of this information is belied by the fact that the oppositions they filed to both sealed motions at issue here were filed on the public docket without redaction.  (ECF No. 32, PageID #245).  Plaintiff argues that Defendants' citation to unspecified harm to their competitive standing with no legal authority as to whether that is sufficiently compelling fails to overcome the presumption in favor of public access to court records.  (*Id*. at PageID #246–47).  The Court concurs.  There is a strong presumption in favor of openness as to court records and the burden of overcoming that presumption is borne by the party that seeks to seal them.  *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016).  Defendants have not met that burden.

Plaintiff shall file its First Amended Complaint by **September 6, 2024**, without seal or redaction.  The documents filed under ECF Nos. 27, 28, 31, and 32 shall be retroactively unsealed.

**IT IS SO ORDERED**.

Dated:  September 3, 2024

_____
**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**